UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMIAN BLACK,

        Petitioner,

                                                      CASE NO. 04-CV-70926-DT
v.                                          HONORABLE ARTHUR J. TARNOW

THOMAS BIRKETT,

        Respondent.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART
### A CERTIFICATE OF APPEALABILITY AND
### GRANTING LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS*

This case is before the Court on remand from the United States Court of Appeals for the Sixth Circuit. Petitioner filed a habeas corpus petition, which this Court denied. Petitioner then filed a motion for a certificate of appealability and an application to proceed on appeal *in forma pauperis* concerning the Court's denial of his petition, which this Court granted. The Sixth Circuit subsequently vacated this Court's order granting a certificate of appealability and remanded the case "with directions to make a reasoned assessment of each of Black's claims as required by 28 U.S.C. § 2253, *Slack, Miller-El, Porterfield*, and *Frazier*." *Black v. Birkett*, No. 05-2130 (6th Cir. Jan. 9, 2006).

I.

This Court has previously expressed its dissatisfaction with the certificate of appealability process in *Bradley v. Birkett*, No. 03-CV-70740 (Jan. 27, 2006) (opinion and order granting a certificate of appealability), and need not repeat it here. The Court shall nonetheless

1

follow the Sixth Circuit's directive in its order of remand.

II.

This Court denied Petitioner's habeas claims on their merits. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

A. Jury Trial Waiver Claim

Petitioner first asserts that the trial court failed to ensure a proper jury trial waiver under state law. Petitioner's claim that his waiver was involuntary is belied by the record. The record reveals that Petitioner signed a jury trial waiver form, that he acknowledged that he had a right to a jury trial, that he had consulted with counsel about his rights, and that he wished to waive his right to a jury trial. *See* Trial Tr., 11/24/97 Vol. I, pp. 3-4. Petitioner has not shown that the waiver was executed other than by his own free will. He does not allege that he was coerced, threatened, promised leniency, or otherwise improperly induced to provide the waiver. Additionally, to the extent that Petitioner alleges that the trial court erred under Michigan law, he

fails to state a claim for habeas relief. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The Court thus concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his jury trial waiver claim. A certificate of appealability is not warranted on this claim.

### B.  Ineffective Assistance of Counsel Claims

Petitioner also claims that trial counsel was ineffective for failing to properly prepare to present his alibi defense and for stating during closing arguments that "a not guilty verdict" would be unfair. In denying habeas relief, the Court assessed these claims under the deficient performance and prejudice standard set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). While the Court concluded that counsel's investigation and actions relative to the medical records and closing arguments were reasonable, albeit unsuccessful, the Court also believes that Petitioner has made a substantial showing of the denial of a constitutional right as to these claims. A reasonable jurist could potentially conclude that defense counsel's efforts were deficient and that Petitioner was prejudiced thereby. A certificate of appealability shall issue as to these claims.

### C.  Witness Intimidation Claim

Petitioner also asserts that the trial court and an attorney for witness Aubrey Stanley improperly intimidated Stanley and persuaded him not to provide additional and potentially exculpatory testimony at trial. *See Webb v. Texas*, 409 U.S. 95, 97-98 (1972). While this Court concluded that the trial court and counsel merely advised Aubrey Stanley of the possible consequences if he provided additional testimony which either implicated himself in the crime or resulted in the commission of perjury, the Court further believes that a reasonable jurist could find that the disputed comments improperly intimidated witness Stanley and caused him not to

3

provide further testimony which may have been exculpatory in nature.  Petitioner has thus made a substantial showing of the denial of a constitutional right regarding this issue.  A certificate of appealability shall issue as to this claim.

### D.  Sentencing Proportionality Claim

Lastly, Petitioner raises a sentencing proportionality claim.  Petitioner was sentenced to 23 to 50 years imprisonment on his second-degree murder conviction.  This sentence was within the guideline range, as well as the statutory maximum.  *See* Mich. Comp. Laws § 750.317.  Petitioner has not made a substantial showing of the denial of a constitutional right as to his sentencing proportionality claim, *see Austin v. Jackson*, 231 F.3d 298, 300 (6th Cir. 2000), or as to any claim that his sentence constitutes cruel and unusual punishment.  *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991).  A certificate of appealability is not warranted on this claim.

### III.

For the reasons stated, the Court **GRANTS** a certificate of appealability as to Petitioner's claims concerning ineffective assistance of counsel and witness intimidation, but **DENIES** a certificate of appealability as to his jury trial waiver and sentencing claims.  Given this determination, the Court **GRANTS** Petitioner's application to proceed *in forma pauperis* on appeal.  *See* Fed. R. App. P. 24(a).

**SO ORDERED.**

                                                     s/Arthur J. Tarnow
                                                     Arthur J. Tarnow
Dated: February 8, 2006                     United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 8, 2006, by electronic and/or ordinary mail.

                                                     s/Catherine A. Pickles
                                                     Judicial Secretary